IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUTH TORRES, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:24-CV-1843-B-BK |
| | § | |
| JUDGE BONNIE LEE GOLDSTEIN, | § | |
| ET AL., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for judicial screening, including the entry of findings and a recommended disposition. The Court granted Plaintiff's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Doc. 7. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

## I. BACKGROUND

On July 19, 2024, Plaintiff Ruth Torres filed a lengthy complaint (199 pages with 20 pages of exhibits) against state court judges in their official capacity: (1) Trial Judges Bonnie Lee Goldstein and Dale Tillery, (2) Administrative Judge Raymond G. Wheless, and (3) Fifth Court of Appeals Justices Robert D. Burns, Amanda L. Reicheck, Ken Molberg, Dennise Garcia, and Robbie Partida-Kipness (collectively "Defendant Judges"). Doc. 3 at 1. The complaint is rambling and largely difficult to decipher. However, what is clear is that Torres' allegations

concern the rulings Defendant Judges made in Torres' state court cases and appeals.  Doc. 3 at 4, 7.

      Without much substantive elaboration, Torres asserts the judges (1) violated her due process and equal protection rights, *see,* e.g., Doc. 3 at 7, 9, 13, 15, and (2) engaged in conspiracies to violate her rights and retaliate against her in violation of criminal statutes, 18 U.S.C. §§ 241, 242, *see,* e.g., Doc. 3 at 8; Doc. 3 at 21-28, 89, 91.  She alleges:

> Texas Trial Court, Texas' Fifth Court of Appeals . . . and TX Supreme Court Judges denied Plaintiff due process and equal protections enabled by the district and Plaintiff['s] clerks and court reporter who refused to release records."  Doc. 3 at 7 (listing cases).  As a result, Torres alleges that "dozens of illegal and improper orders remain in effect and enforceable against Plaintiff and multiple Plaintiff's pleadings remain outstanding due to the coordination of government officials, co-conspirators and their attorneys, operating under cover of law, abusing authority to further and conceal their conspiracy and retaliate against Plaintiff, blatantly and repeatedly violating Plaintiff[']s constitutional rights using state authority, state processes, state and municipal government funds and resources.

Doc. 3 at 8.

      As relief, Torres requests damages and that all trial court orders entered by the "DISQUALIFIED judges" be stricken and reversed.  Doc. 3 at 198-199.  She also "seeks immediate relief from state issued VOID Temporary Injunction and . . . contempt orders and Permanent Injunction issued by state of Texas Judicial officers and affirmed by state appellate court officials contrary to facts and law . . . ."  Doc. 3 at 4.[1]

**II. ANALYSIS**

      Because Torres is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  This statute provides for the *sua sponte* dismissal of a

---

[1] Torres includes with the complaint copies of trial court orders and appellate opinions and provides a CD with reporter records.  Doc. 3 at 200-220; Doc. 3 at 219-20.  She also filed pleadings elaborating on her cases and grievances against Defendant Judges.  Doc. 14; Doc. 15.

complaint that (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Torres' complaint is frivolous and fails to state a claim.

First, Torres' complaint runs headlong into judicial immunity. Although Torres' complaint generally lacks lucidity, as stated *supra*, she clearly asserts claims stemming from Defendant Judges' actions taken in their official capacities. Doc. 3 at 1. Her allegations and claims against Defendant Judges stem from rulings in state cases and appeals decided by the judges in their respective judicial capacity and function. *See Stump v. Sparkman*, 435 U.S. 349, 361-62 (1978). Thus, Torres' claims against the judges—whether for injunctive, declaratory, or monetary relief—are barred by judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Wightman v. Jones*, 809 F. Supp. 474, 476-79 (N.D. Tex. 1992).

Second, to the extent Torres seeks to file a criminal complaint and allege criminal law violations under 18 U.S.C. §§ 241 and 242, she lacks legal basis. Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must

be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M*., 503 U.S. 347, 363 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one).  However, Torres has pled nothing that would even come close to meeting that burden.  Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005).

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint before dismissal, but leave is not required when she has already pled her "best case."  *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  However, for the reasons outlined here, Torres' claims are fatally infirm.  Based on the legal theories and facts Torres posits, she cannot, as a matter of law, state a plausible legal claim.  Thus, the Court concludes that Torres has already pleaded her best case and granting further leave to amend would be futile and cause needless delay.

### IV. SANCTION WARNING

Contemporaneously with this action, Torres filed a second lawsuit in this Court alleging False Claims Act and RICO causes that are similarly frivolous.  *See United States, ex rel. Torres v. Abbott, et al.*, No. 3:24-CV-1842-X-BK (N.D. Tex. July 19, 2024).   Further, state court online records reveal that Torres is a "frequent filer" who has been permanently enjoined from engaging in, or aiding and abetting, the unauthorized practice of law.  *See Torres v. Unauthorized Prac. of*

*Law Comm. for the Supreme Court of Texas*, No. 05-21-00651-CV, 2022 WL 4115487, at *1 (Tex. App.—Dallas, Tex., Sep. 9, 2022).

Considering the foregoing, Torres should be warned that if she persists in filing frivolous or baseless lawsuits, or actions over which the Court lacks jurisdiction, the Court may impose monetary sanctions, bar her from bringing any new action, or subject her to other sanctions the Court deems appropriate. *See* Fed. R. Civ. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

**V. CONCLUSION**

For all these reasons, Torres' action should be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

In addition, Torres should be **WARNED** that if she persists in filing frivolous or baseless lawsuits, or actions over which the Court lacks jurisdiction, monetary sanctions may be imposed, she may be barred from bringing any new action, or she may be subject to any other sanctions

the Court deems appropriate.

       **SO RECOMMENDED** on September 24, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).